EXHIBIT "1"

### VERIFIED STATEMENT OF ATTORNEY IN SUPPORT OF APPLICATION TO EMPLOY LAW FIRM AS ATTORNEY FOR DEBTOR IN POSSESSION

Pursuant to 11 U.S.C. 327(a), 329(a) and Bankruptcy Rules 2014(a) and 2016(b), Michael J. Harker, Esq. ("I" and/or the "Attorney"), on behalf of himself and the Law Offices of Michael J. Harker (the "Law Firm," which reference(s) to shall include Attorney, members, associates, and employees thereof), being of lawful age, states and declares under penalty of perjury as follows:

### 1. BACKGROUND

This Verified Statement is made in support of the Application to Employ myself and Law Firm as Attorney for AXEL AMILCAR CONTRERAS and MAYRA ISABEL LOPEZ, the Debtors in Possession ("Debtor").

**1.1.** I am an attorney at law, admitted to the bar of the State of Nevada and the U.S. District Court of Nevada, and the principal of the Law Firm. My office is in Las Vegas, Nevada. I have personal knowledge of the facts recited herein, and I am competent to testify regarding them if called as a witness in this matter.

**1.2.** I am an experienced attorney and am familiar with bankruptcy practice and bankruptcy proceedings. I have emphasized reorganizations under Chapter 11 of the Bankruptcy Code and other bankruptcy matters and have represented debtors under Chapters 11, 13, and 7 of the Bankruptcy Code. Debtor will be represented by me or by regular associate attorney(s) employed at the Law Firm (Bankruptcy Rule 2014(b)).

### 2. TERMS AND SCOPE OF EMPLOYMENT

**2.1. Title 11 U.S. Code § 329(a) Statements.**

**2.1.1. Compensation.** Law Firm entered into a written agreement dated 1/7/2017 with Debtor regarding the services to be performed in connection with this case and compensation to be paid. A copy of the agreement is attached as Exhibit 2 to the "Application To Employ Law Firm As Attorney For Debtor In Possession" to which this Exhibit is attached, and contains but is not limited to the following provisions:

1. Retainer Amount: $15,000.00
2. Retainer Payments: $15,000.00 was paid prior to the filing date of this Chapter 11 case.

The retainer is a fixed price for services with respect to hourly fees. Law Firm reserves the right to seek compensation for all costs and expenses and for work performed beyond the scope of the retainer in accordance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Trustee Guidelines, and Orders of the Court. Prior to receipt, application to the Court shall be made by Law Firm for any postpetition compensation or expenses.

**2.1.2. Use of Retainer.** The retainer has been drawn upon for the following purposes:

1. Chapter 11 case filing fee of $1717.00 paid on behalf of Debtor. Pre-Petition services rendered as documented in Exhibit 3 to the Application.

2. Pre petition work: The balance of the retainer shall remain held in trust until Court approval of any interim or final fee applications by Law Firm.

MICHAEL J. HARKER
2901 El Camino Ave., #200
Las Vegas, Nevada 89102
(702) 248-3000 - Fax (702) 425-7290

**2.1.3. Sharing of Compensation.** Neither Attorney nor the Law Firm have shared or agreed to share any portion of the compensation paid or to be paid in connection with this case with any other persons except members or associates of the Law Firm.

2.2.    **Scope, Rate(s), and Expenses.** The Law Firm charges for professional services at the regular hourly rates for Attorney, any regularly associated attorneys and paraprofessional staff, and will be paid for expenses incurred in representing the Debtor.

**2.2.1. Scope and Necessity.** The services of the Law Firm are necessary to enable the Debtor to faithfully execute its duties in this Chapter 11 case. Subject to the terms upon which the Law Firm has agreed to represent Debtor, it is contemplated Law Firm will perform services which may include but are not limited to (1) advising and representing the Debtor concerning the rights and remedies of the estate in regards to the assets of the estate, and with respect to the secured, priority and general claims of creditors; (2) advising and representing the Debtor in connection with financial and business matters, including the sale of any assets; (3) advising and representing Debtor in connection with the investigation of potential causes of action against persons or entities, including, but not limited to, avoidance actions, and the litigation thereof if warranted; (4) representing Debtor in any proceeding or hearing in the Bankruptcy Court, and in any action in other courts in which the rights of the estate may be litigated or affected; (5) conducting examinations of witnesses, claimants, or adverse parties and preparing and assisting in the preparation of reports, accounts, applications, and orders; (6) advising and representing the Debtor in the negotiation, formulation, and drafting of any plan of reorganization and disclosure statement; (7) advising and representing the Debtor in the performance of its duties and exercise of its powers under the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Region 17 Unites States Trustee Guidelines; and (8) providing to the Debtor such other necessary advice and services as the Debtor may require in connection with this Chapter 11 case.

**2.2.2. Rates.** Regular hourly rates for services rendered are: $325.00 per hour for Attorney's services, $275.00 per hour for regular associate attorney services of the Law Firm (Bankruptcy Rule 2014(b)), $175.00 per hour for paralegal(s). Rates are adjusted annually but the annual adjustment will not apply to this engagement.

**2.2.3. Expenses.** Law Firm will be reimbursed by Debtor for all customary support services and expenses incurred with respect to the representation.

**3. DISINTERESTEDNESS AND CONNECTIONS OF ATTORNEY AND LAW FIRM**

3.1.    **Bankruptcy Rule 2014 Disinterestedness.** Both the Attorney and Law Firm are disinterested persons, as that term is defined under the **11 U.S.C. §101(14)**, and do not hold or represent an interest adverse to the bankruptcy estate with respect to the matter on which we are to be employed.

3.2.    **Bankruptcy Rule 2014 Connections.** To the best of my knowledge, the Law Firm (including the Attorney) have the following connections with the Debtor, its creditors, other parties in interest, their respective attorneys and accountants, the United States Trustee, and persons employed in the Office of the United States Trustee:

**3.2.1. The Debtor.** Other than present-case services, Law Firm represents or has represented Debtor in the following matters:
  1. Two prior chapter 13 cases.

**3.2.2. Creditors of the Debtor.** Attorney and Law Firm have no connections with the creditors of the Debtor.

**3.2.3. Other Parties in Interest.** Attorney and Law Firm have no connections with any other parties in interest in this case.

**3.2.4. Attorneys and Accountants.** Attorney and Law Firm have no connections with the attorneys or accountants of creditors, the Debtor (excluding the Law Firm), or any other party in interest.

**3.2.5. United States Trustee.** Attorney and Law Firm have no connections with the United States Trustee or any person employed in the Office of the United States Trustee.

**3.3.    Bankruptcy Rule 5002(a) Compliance.** Neither Attorney nor any members, associates, or employees of the Law Firm are relatives of any of the United States Bankruptcy Judges serving in the United States Bankruptcy Court, District of Nevada, which judges are making appointments or approving employment of professional persons in the above-captioned case, as the term "relative" is defined under 11 U.S.C. §101(45).

**3.4.    Continuing Duty of Disclosure.** Both the Attorney and Law Firm understand that there is a continuing duty to disclose any adverse interest that may arise or be discovered during the course of this case. Periodic review will be conducted to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, supplemental information shall be provided to the Court.

### 4. PRE-PETITION EMPLOYMENT

Other than as described in § 3.2.1 above, no pre-petition services other than present-case, bankruptcy-related services have been performed on behalf of Debtor.

### 5. POST-PETITION COMPENSATION

Law Firm is not seeking any post-petition compensation pursuant to 11 U.S.C. § 363(b), § 330, or Bankruptcy Rule 2016(a) from the bankruptcy estate at this time. Any future post-petition use of estate property related to services of the Law Firm shall be subject to prior approval by the Court.

I declare under penalty of perjury under the laws of the Unites States that the foregoing is true and correct to the best of my knowledge and belief.

**Dated:** August 20, 2018.

Respectfully submitted by,

/s/ Michael J. Harker
MICHAEL J. HARKER, ESQ.
2901 El Camino Ave., #200
Las Vegas, NV 89102
Attorney for Debtors

3

contreras.axel.bk.app2employ.atny.statement.08.18mw.wpd